IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WILDER FARMS, INC., WILDER CORPORATION OF DELAWARE, INC., AND MAURICE WILDER, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 2-11-CV-00123-J |
| RURAL COMMUNITY INSURANCE SERVICES, | § § § § | |
| Defendant. | § | |

## Memorandum Opinion

Before the Court is Plaintiffs' *Request for Declaratory Judgment*, *Motion to Dismiss RCIS Counterclaim* and Defendant's *Motion to Dismiss Defendants' Counterclaim without Prejudice* and *Motion to Dismiss Plaintiffs' Action with Prejudice*.

Maurice Wilder purchased from the Silveus Group, an agent of NAU and Rural Community Insurance Services (RCIS), a type of crop insurance policy known as a GRIP ("Gross Revenue Income Protection" platform). A GRIP protects the insured from less than estimated revenue generated from crop yields. Wilder's policies with RCIS were for crops located in Dundy County, Nebraska as well as Mercer and Fulton Counties, Illinois.[1]

When Wilder filed a claim for the Dundy County crops and NAU refused payment, Wilder filed suit against NAU, RCIS, and the Silveus Group on October 24, 2007 in the Texas 69th District Court, Moore County, Texas. Plaintiff alleged, *inter alia*, that an agent of RCIS

---

[1] Texas had jurisdiction over Plaintiffs' claims because Wilder purchased the policies in Moore County, Texas from Silveus Insurance Group—an agent of NAU and RCIS.

and NAU had misrepresented the scope of coverage of the three policies. Wilder sought damages and a rescission of all three policies.

On November 30, 2007, RCIS appeared and answered the pleadings. In the answer RCIS included a general denial and a plea in abatement. In its plea in abatement RCIS argued that the terms of the three policies compelled arbitration.

On December 3, 2007, NAU answered and also filed a plea in abatement, arguing the contractual language in the GRIP policies compelled arbitration. NAU also pleaded a counterclaim against Wilder, claiming Wilder owed them unpaid premiums from the GRIP policies.

On September 28, 2008, the state court entered an *Order to Stay Action and Compeling [sic] Arbitration*. All parties filed an *Agreed Order Modifying Prior Order to Stay Actions and Compelling Arbitration*, which the state court granted. The *Order* mandated that the court would maintain jurisdiction over the case, that all pleadings were to be filed with the court as well as with the arbiter, and that the arbitration would be governed by Commercial Arbitration Rules R1-R44.

In May, 2010, RCIS filed a third amended complaint with the district court. In its answer RCIS asserted "all affirmative defenses that are or may become available to it under the Texas Rules of Civil Procedure." RCIS also made a general denial, "[I]n accordance with the Texas Rules of Civil Procedure."

The arbitrator issued his report and reward on September 27, 2010, and made one subsequent modification. The award granted Wilder rescission of one of the policies between itself and NAU. NAU was awarded the premiums and additional charges sought in their

counterclaim. The three policies between RCIS and Wilder were not rescinded. No award was made to RCIS.

On March 2, 2011, the state court entered its *Judgment Confirming Arbitration Award.* The court confirmed the award by the arbitrator and ordered that "all other relief not expressly granted in this judgment is denied."

On June 10, 2011, Plaintiff filed a complaint in state court seeking declaratory judgment that Defendants were barred by the doctrine of *res judicata* from pursuing claims against Wilder for unpaid premiums and fees. RCIS removed the suit to this Court, and filed an answer as well as a counterclaim, arguing Plaintiff's were liable for premiums, administrative fees, and financial charges on those policies.

Plaintiff filed a motion to dismiss Defendants' counterclaim, arguing it is barred by the doctrine of *res judicata* and the applicable Texas statute of limitations. RCIS responded with its own *Motion to Dismiss*, contending their right to sue Wilder for the unpaid premiums is not barred by either claim preclusion, issue preclusion or an applicable statute of limitations.

Defendant also seeks to dismiss their own compulsory counterclaim under Federal Rule of Civil Procedure 12(b)(6) if this Court dismisses Plaintiff's complaint, but asks the Court to dismiss their counterclaim without prejudice so they may file the claim in a state with a more expansive statute of limitations.

## STANDARD FOR MOTIONS TO DISMISS

Defendants have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) because the Plaintiff has failed "to state a claim upon which relief can be granted." FED. R. CIV. P 12(b)(6) (2008).

Federal rules require only that a pleading have "a short and plain statement of the claim showing the pleader is entitled to relief..." FED. R. CIV. P. 8(a)(2) (2008). Motions to dismiss under Rule 12(b)(6) are "viewed with disfavour" and "rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), citing Wright & Miller, *Federal Practice and Procedure: Civil*, §1357 at 598 (1969). Courts must liberally construe the complaint in favor of the plaintiff, taking all of the facts pleaded as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986), *see also Dussouv v. Gulf Coast Investment Corp.*, 660 F.2d 594, 604 (5th Cir. 1981). A complaint will not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997), *quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

While a complaint does not have to have "detailed factual allegations" to survive a motion to dismiss, a plaintiff must provide the grounds that entitle them to relief that, if assumed to be true, "raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007), *quoting Twombly*, 127 S.Ct. at 1964-65. However, when the allegations in the complaint, even if true, "could not raise a claim of entitlement to relief, 'this basic deficiency should...be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id., citing Twombly*, 127 S.Ct. at 1966 (citations omitted).

If based on the facts pleaded and judicially noted, a successful affirmative defense appears, then dismissal under 12(b)(6) is proper. *Kansas Reinsurance Co., Ltd. v. Cong. Mortgage Corp. of Texas.*, 20 F.3d 1362, 1366 (5th Cir. 1994).

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling . . ." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

*Defendant's Counterclaim is Barred by the Doctrine of Claim Preclusion*

Claim preclusion bars a plaintiff from relitigating claims that were or could have been litigated in a prior lawsuit. *Oreck Direct LLC v. Dyson Inc.*, 560 F.3d 398, 401 (5th Cir. 2009). "[A] federal court asked to give *res judicata* effect to a state court judgment must apply the *res judicata* principles of the law of the state whose decision is set up as a bar to further litigation." *See Prod. Supply Co. Fry Steel Inc.*, 74 F.3d 76, 78 (5th Cir. 1996). Plaintiff claims Defendant's counterclaim is barred by the doctrine of claim preclusion. Under Texas law, *res judicata* has three requirements: (1) there is a prior final judgment on the merits by a court of competent jurisdiction; (2) the parties in the second action are the same or in privity with those in the first action; and (3) the second action is based on claims that were or could have been raised in the first action. *See Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex. 2008).

The Texas state court approved a final judgment on the merits regarding Wilder's claims against RCIS when it confirmed the arbitration award. There is no dispute that the district court was competent to hear Wilder's claim requesting rescission of a contract and damages, or the counterclaim brought by NAU requesting administrative fees, past due premiums, and financing fees from Wilder on those same contracts. The parties—Wilder and RCIS—are the same parties as the parties in the previous suit, and Defendant's claims that Wilder owed them past premiums, administrative fees, and financing charges could have been raised in the previous action as a counterclaim.

There is, however, an exception to the doctrine of claim preclusion under Texas law for claims that "could have been raised." Non-compulsory counterclaims not raised in a previous action are not precluded in a subsequent suit. *Ingersoll-Rand Company, et al. v. Valero Energy Corporation*, 997 S.W.2d 203, 209 (Tex. 1999) ("[T]he doctrine of *res judicata* does not bar claims against the plaintiff from an earlier suit, unless the later claims were compulsory in the earlier suit."). If RCIS's counterclaim was not compulsory, it does not meet the requirements of *res judicata* under Texas law and is not barred in subsequent suits. Under Texas Rule of Civil Procedure 97, a claim is compulsory if: (1) it is within the jurisdiction of the court; (2) it is not at the time of filing the answer the subject of a pending action; (3) the claim is mature and owned by the defendant at the time of filing the answer; (4) it arose out of the same transaction or occurrence that it is the subject matter of the opposing party's claim; (5) it does not require the presence of third parties over whom the court cannot acquire jurisdiction. Tex. R. Civ. P. 97(a).

RCIS's counterclaim alleges that Wilder owes it premiums, administrative fees, and finance charges for three policies Plaintiff purchased from an agent of RCIS. Wilder sought rescission of those policies in the previous state suit and arbitration. Texas district courts have full jurisdiction to hear claims involving insurance disputes. RCIS's claims were not subject to a pending action at the time. In fact the other defendant of the previous action, NAU, raised the exact claim RCIS is now making as a counterclaim. The claim was mature at the time of filing the answer in the state court, since the due date for the premium had passed. It rose out of the same transaction or occurrence that was originally the basis of Wilder's initial suit. Finally, there was also no need to require a third-party to litigate Plaintiff's claim against Defendant in

the previous action.[2] Defendant's claim meets all the requirements of Texas's compulsory counterclaim rule.

Defendant argues that it was not required to plead their compulsory counterclaim because the claims were arbitrated instead of adjudicated by the state court. They also contend that Rule 97 does not apply to arbitrations because Rule 2 of the Texas Rules of Civil Procedure only applies to civil actions and not arbitrations.

However, the state court's order compelling arbitration did not remove that court's jurisdiction over Wilder's initial civil action. Defendant's counterclaim met the requirements of being a compulsory counterclaim at the time of filing its original answer with the district court. That court continued to require all parties to file amended pleadings with it. Defendant did so when it filed its answer to Plaintiff's third amended complaint "pursuant to the Texas Rules of Civil Procedure." The court, when confirming the arbitration award, declared that all relief not granted was denied. In the *Agreed Order Compelling Arbitration*, the agreement was to arbitrate all claims raised in the suit except for a specific reservation for potential cross-claims between Defendants. There was no such reservation for counterclaims against Wilder.

The lower court remained a court of competent jurisdiction over the suit and the Defendant was required by the Texas Rules of Civil Procedure to file its compulsory counterclaim in the previous action. Failure to do so constituted a waiver of that counterclaim and it is precluded in subsequent actions under the Texas doctrine of *res judicata*.

*Defendant's Counterclaim is Barred by the Applicable Statute of Limitations*

Wilder also asks this Court to dismiss Defendant's counterclaim because it is barred under the applicable Texas statute of limitations.

---

[2] In fact, Rule 97 of the Texas Rule of Civil Procedure is identical to Rule 13 of the Federal Rules of Civil Procedure: the same rule Defendants admit required them to file their counterclaim with this Court.

Federal courts apply the statute of limitations of the forum state. *See Guar. Trust Co. v. York*, 326 U.S. 99 (1945); *Huss v. Gayden*, 571 F.3d 442 (5th Cir. 2009). Under Texas law, which statute of limitations applies is governed by the law of the state in which the claim is brought. *Ziegler v. Bank of America National Trust & Savings Ass'n*, 182 F.3d 913 (5th Cir. 1999). Because Defendant's claim was brought in Texas as a compulsory counterclaim, the applicable Texas statute of limitations applies.

RCIS argues their claim is not barred under the statute of limitations because other forums besides Texas have more "substantive contacts" with the dispute. Because the insurance policies Defendant hopes to recover payments on are insurance policies for land in Illinois and Nebraska. Under Texas choice-of-law doctrine, the "most significant relationship" test is used to determine what *substantive law* is applied when there is a choice of law question. *See Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984). However, questions regarding statute of limitations are generally procedural legal questions under Texas choice-of-law doctrine. As such, the law of the state where the action is pending determines the appropriate statute of limitations. *See Hollander v. Capon*, 853 S.W.2d 723, 727 (Tex.App.—Houston [1st Dist.] 1993)(" [I]f the action is barred by the statute of limitations of the forum court in which the lawsuit is pending, no action can be maintained even if the action is not barred in the state where the cause of action arose."). *See also Evers v. Powell*, 238 F.Supp. 787, 788-89 (S.D. Tex. 1964), *aff'd* 342 F.2d 46 (5th Cir. 1965).[3]

---

[3] Some limitations are treated as substantial,"only when the very statute that created a right of action incorporates an express limitation upon the time within which the suit could be brought is the statute of limitations considered substantive." *Culpepper v. Daniel Indus.*, 500 S.W.2d 958, 959 (Tex.App.—Houston [1st Dist.] 1973,*writ ref'd n.r.e*); *Eurocapital Group, Ltd. v. Goldman Sachs & Co.*, 17 S.W.3d 426 (Tex.App.—Houston [1st Dist.] 2000). Defendant's cause of action is based off the collection of debt under state law, or, in the alternative, collection on a contract. Tex. Civ. Prac. & Rem. Code § 16.004(a). These limitation periods are not part of a statute that creates the right of action of recover. Therefore, they are procedural in nature and govern the limitations period on Defendant's counterclaim.

The Texas limitations period for collecting a debt or recovering under a contract is four years. Tex. Civ. Prac. & Rem. Code § 16.004(a). A cause of action for a debt accrues when it becomes due. *Southern Surety Co. v. Austin*, 22 F.2d 881, 882 (5th Cir 1927). Defendant's claim under the GRIP policies began on October 31, 2006, the day Wilder failed to pay the premiums on the claim. It did not file this counterclaim until June 29, 2011. Defendant's counterclaim is subsequently barred under the Texas statute of limitations.

## Conclusion

The Court concludes that Defendant's counterclaim is barred by the doctrine of claim preclusion and, in the alternative, barred by the applicable Texas statute of limitations. Plaintiff's *Motion to Dismiss* Defendant's counterclaim with prejudice is granted. The Court grants Plaintiff's request for declaratory judgment. Defendant's motion to dismiss Plaintiff's action is denied, and Defendant's counterclaim is dismissed with prejudice.

IT IS SO ORDERED.

Signed this the _____ day of December 2011.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE